IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RACHEL GIRDAUSKAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:13cv00385 |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant Liberty Life Assurance Company of Boston ("Defendant") hereby removes the Petition filed by Plaintiff Rachel Girdauskas ("Plaintiff") in the 408th District Court of Bexar County, Texas as follows:

## FACTUAL BACKGROUND

On March 28, 2013, Plaintiff filed a petition in an action entitled *Rachel Girdauskas v. Liberty Life Assurance Company of Boston*; in the 408th District Court of Bexar County, Texas; Cause No. 2013-CI-05244 (the "State Action"). True and correct copies of Plaintiff's Original Petition, any other pleadings or orders on file in this action, and all process and pleadings in the State Action, including the docket sheet, are attached hereto as Exhibits "A through C." Defendant was served with process in the State Action through Corporation Service Company on April 12, 2013, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

By the State Action, Plaintiff is seeking to recover disability benefits (along with other damages) from a disability benefits plan, in which she was a participant by virtue of her employment with Lowe's Company Inc.[1] This disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act, as ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is

---

[1]   Petition at ¶¶ II and IV

proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

Defendant acted as claim administrator and insurer for the disability benefits plan, which is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act, as ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

As an alternative grounds for removal, Liberty Mutual and Plan Administrator assert that there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Defendant Liberty Life is incorporated in New Hampshire and has its principal place of business in New Hampshire. Plaintiff, as alleged in the Petition, is a resident of Texas and is asserting claims in excess of $75,000 by her Petition.[2]

---

[2] Petition at ¶ I

Concurrent with the filing of this Notice of Removal, Defendants have filed a Notice of Filing of Notice of Removal with the Court in the State Action in the form attached hereto as Exhibit "D."

The following is a list of counsel of record:

| | |
|---|---|
| John D. Wennermark | Iwana Rademaekers, Esq. |
| Law Offices of John D. Wennermark | Jackson Lewis LLP |
| 1924 N. Main Avenue | 500 N. Akard, Ste. 2500 |
| San Antonio, TX 78212 | Dallas, Texas  75201 |
| PH:  (512) 226-6262 | PH:  (214) 520-2400 |
| FX:  (512) 225-1351 | FX:  (214) 520-2008 |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

Respectfully submitted,

JACKSON LEWIS LLP
500 N. Akard, Ste. 2500
Dallas, Texas  75201
PH:  (214) 520-2400
FX:  (214) 520-2008


By:  /s/ Iwana Rademaekers
       Iwana Rademaekers, Esq.
       Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was forwarded by certified mail, return-receipt requested, on the 3rd day of May 2013 to the following counsel of record:

>John D. Wennermark
>Law Offices of John D. Wennermark
>1924 N. Main Avenue
>San Antonio, TX 78212

>/s/ Iwana Rademaekers
>ONE OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RACHEL GIRDAUSKAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:13cv00385 |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S INDEX OF DOCUMENTS FOR REMOVAL

The following documents have been served or filed in the state court action:

Exhibit A     Plaintiff's Original Petition

Exhibit B     Citation

Exhibit C     State Court Docket Sheet

Exhibit D     State Court Notice of Filing Notice of Removal